IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CAMPBELL, SANDRA JEFFCOAT, NOLAN CAMPBELL, MARGARET CAMPBELL, ANTHONY CAMPBELL, JR.,<br><br>Plaintiffs,<br>v.<br><br>CITY OF BAKERSFIELD, MARK CHARMLEY, SCOTT CARVEL, ORBIN LOVE, THOMAS PRYOR, JAMES JAMES, ERIC MATLOCK, and DOES 1-10 Individually and in their Official Capacities,<br><br>Defendants. | CIV F 04-5585 AWI TAG<br><br>ORDER ON PLAINTIFFS'S STIPULATED DISMISSAL |

Plaintiffs are proceeding pro per. On March 13, 2006, orders were issued whereby Plaintiffs's counsel was terminated and each Plaintiff was to proceeded *pro per*. On April 18, 2006, a stipulation for dismissal of claims with prejudice in exchange for a waiver of costs was filed by Plaintiffs Nolan Campbell and Margaret Campbell and Defendants. The Stipulation is signed by Nolan Campbell, Margaret Campbell and defense counsel.

On May 1, 2006, the Court received an opposition to the stipulation of dismissal by pro per Plaintiff Anthony Campbell. In the opposition, Campbell objects to the stipulation on the grounds that defense counsel improperly contacted Nolan and Margaret Campbell in an attempt

to disrupt the proceedings.  Anthony Campbell argues that defense counsel improperly offered legal advice and improperly contacted Nolan Campbell and Margaret Campbell after Anthony Campbell stated his intent to find retained counsel.  Anthony Campbell requests that the Court allow him to represent all plaintiffs.  Anthony Campbell requests that the stipulation for dismissal be denied.

Although the stipulation is not so entitled, the Court construes it as a motion for dismissal under Rule 41(a)(2).  Federal Rule of Civil Procedure 41(a)(2) reads:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. Pro. 41(a)(2).  The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced." Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989).  The district court "must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Westland Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996).  "A district court should gant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

Here, Defendants have not filed a counterclaim and are agreeable to the dismissal.  The rule is silent as to oppositions from co-plaintiffs.  Although neither Nolan Campbell nor Margaret Campbell were represented by retained counsel upon signing the April 17, 2006 stipulation of dismissal, the rule does not forbid dismissal of a plaintiff's suit where a plaintiff is proceeding pro se.  See Williams v. Peralta Cmty. College Dist., 227 F.R.D. 538 (N.D. Cal. 2005) (granting Rule 42(a)(2) dismissal where plaintiff was pro se); Boles v. City of Manzanita, 2004 U.S. Dist. LEXIS 29335 at *1 (D. Or. 2004) (same).

Anthony Campbell has filed an opposition, but the basis for his objection is simply that Nolan Campbell and Margaret Campbell did not have retained counsel and that Anthony Campbell should be allowed to represent all plaintiffs. Anthony Campbell's opposition is not well taken. First, Anthony Campbell's claims and causes of action are separate from Nolan and Margaret Campbell's claims and causes of action. Second, as Nolan and Margaret Campbell were representing themselves, defense counsel can communicate with them. Third, and more importantly, Anthony Campbell cannot represent Nolan or Margaret Campbell in legal proceedings. Litigants in federal court have a statutory right to choose to act as their own counsel. 28 U.S.C. § 1654. Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. McShane v. United States, 366 F.2d 286, 288 (9th Cir.1966). "A litigant appearing in propria persona has no authority to represent anyone other than himself [or herself]." Russell v. United States, 308 F.2d 78, 79 (9th Cir.1962). Non-attorney litigants may not represent others. Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir.1997); Church of the New Testament v. U.S., 783 F.2d 771, 774 (9th Cir. 1986).

Accordingly, IT IS HEREBY ORDERED that:

1. As per the stipulation, the claims of Nolan Campbell and Margaret Campbell are dismissed with prejudice under Rule 41(a)(2); and
2. Anthony Campbell's request to represent other Plaintiffs is DENIED.

IT IS SO ORDERED.

**Dated:  May 7, 2006**  
0m8i78                                            /s/ **Anthony W. Ishii**  
                                                 UNITED STATES DISTRICT JUDGE

daw                                             3