# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CAMPBELL, SANDRA JEFFCOAT, NOLAN CAMPBELL, MARGARET CAMPBELL, ANTHONY CAMPBELL, JR.,<br><br>          Plaintiffs,<br>  v.<br><br>CITY OF BAKERSFIELD, MARK CHARMLEY, SCOTT CARVEL, ORBIN LOVE, THOMAS PRYOR, JAMES JAMES, ERIC MATLOCK, and DOES 1-10 Individually and in their Official Capacities,<br><br>          Defendants. | CIV F 04-5585 AWI TAG<br><br>ORDER VACATING TRIAL DATE AND ORDER TO SHOW CAUSE |

    The pre-trial conference in this matter was set for, and came to be heard on, July 28, 2006, at 9:00 a.m.  Counsel for the remaining Defendants in this case was present, but the remaining Plaintiffs, Anthony Campbell and Sandra Jeffcoat, who are each proceeding pro se, were not present.  Prior to the hearing, the Court received a telephone call from Mr. Campbell in which Mr. Campbell indicated that he was en route to this Court when he began experiencing physical symptoms that were consistent with a heart attack.  Mr. Campbell informed the Court that he was returning to Bakersfield to check himself into a hospital.  Prior to trial, Plaintiffs had not filed a pre-trial statement with the Court, but had requested a continuance in order to obtain

counsel and due to the birth of grandchildren.

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant." Fed. R. Civ. Pro. 41(b). Although the language indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b) *sua sponte*, at least in some circumstances." Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (citing Olsen v. Maples, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with Local Rule); In re Eisen, 31 F.3d 1447, 1456 (9th cir. 1994) (dismissal for lack of prosecution); Ferdik, 963 F.2d at 1260-61 (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at

1  1424; Thompson, 782 F.2d at 831.

2  Because both Plaintiffs have failed to appear for the pre-trial conference, they are in
3  violation of a Court order.  It is appropriate for both Plaintiffs to show cause why sanctions
4  should not be imposed against them.  Accordingly, Plaintiffs will be ordered to appear before this
5  Court to explain their absence from the pre-trial conference.  Given the serious representations
6  made to the Court, Plaintiff Campbell is to provide medical documentation, such as a letter from
7  a physician, that explains his absence from the pre-trial conference.  Additionally, the medical
8  documentation should indicate Campbell's current medical ability to proceed with this case.
9  Plaintiff Jeffcoat will also be required to show why she could not reasonably attend the pre-trial
10  conference.

11  Additionally, Defense counsel indicated that he has sent documents to Plaintiffs', but the
12  documents have been returned as "undeliverable."  The Court has also had a document that had
13  been mailed to Anthony Campbell returned as "undeliverable."  See Court Docket Doc. No. 49.
14  The defense indicated that it had an address of 906 Meadow Street, in Bakersfield.  That is also
15  the address that the Court has for Mr. Campbell, and it is also the address that Mr. Campbell lists
16  in his filings with the Court.  See, e.g., Court Docket Doc. No. 71.  Plaintiffs are directed to
17  confirm their current addresses and telephone numbers.

18  Finally, in light of the potential medical issues associated with Mr. Campbell, and
19  considering Mr. Campbell's pro se status, the Court will grant Plaintiffs's request for a
20  continuance.  The Court will reset the pre-trial conference and trial dates at the hearing on this
21  order to show cause.  The Court is granting Plaintiffs' request for a continuance in part so that
22  Plaintiffs may retain counsel.  The Court expects Plaintiffs to make good faith efforts to retain
23  counsel and report to the Court on those efforts at the show cause hearing.
24  //
25  //
26  //
27
28                                              3

Accordingly, IT IS HEREBY ORDERED that:

1. The trial date and all associated dates in this case are VACATED;
2. Plaintiffs are ordered to show cause why sanctions should not be imposed for their failure to appear at the July 28, 2006, pre-trial conference;
3. In particular, Plaintiff Campbell is to provide medical documentation that explains his absence from the July 28, 2006, pre-trial conference <u>and</u> medical documentation that indicates whether his current medical condition permits him to proceed with this case;
4. In particular, Plaintiff Jeffcoat is to address her absence from the July 28, 2006, hearing;
5. Plaintiffs are to provide the Court and Defendants with their respective current addresses and telephone numbers; and
6. The hearing on this order to show cause will be on August 16, 2006, at 1:30 p.m., at which time Plaintiffs also should be prepared to set new pre-trial conference and trial dates.

IT IS SO ORDERED.

**Dated:   July 28, 2006**                               **/s/ Anthony W. Ishii**
0m8i78                                                          UNITED STATES DISTRICT JUDGE